[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14576
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2011
JOHN LEY
CLERK

Agency No. A099-554-703


JOSE GILBERTO PEREZ-ESCALANTE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 14, 2011)

Before CARNES, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Perez-Escalante seeks review of the Board of Immigration Appeals'

denial of his motion to reopen his removal proceedings, contending that the BIA erred by denying that motion.

## I.

Perez-Escalante, a Venezuelan citizen, entered the United States in 1999 on a non-immigrant visa. In 2006, after he had already overstayed his visa, Perez-Escalante filed an application for asylum. The government charged Perez-Escalante with removability and he conceded removability.

In January 2008 an Immigration Judge denied Perez-Escalante's application for asylum, withholding of removal, and relief under the Convention Against Torture, and ordered him to be removed to Venezuela. He appealed to the BIA. In July 2009 the BIA dismissed Perez-Escalante's appeal. He filed a motion to reconsider, which the BIA denied in October 2009.

In November 2009, Perez-Escalante filed a motion to reopen his removal proceedings to allow him to apply for adjustment of status based on a new marriage to a United States citizen. In January 2010 the BIA denied the motion to reopen and again ordered him to be removed. Perez-Escalante filed a motion to reconsider, which the BIA denied in September 2010. In October 2010 Perez-Escalante filed this appeal.

## II.

We are obligated to inquire into subject-matter jurisdiction whenever it may be lacking. Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004). We review subject-matter jurisdiction de novo. Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1231 (11th Cir. 2007). "To seek judicial review of an order of removal, an alien must file a petition for review with the federal appellate court within 30 days of the BIA's issuance of the final order." Jaggernauth v. U.S. Att'y Gen., 432 F.3d 1346, 1350 (11th Cir. 2005); 8 U.S.C. § 1252(b)(1). "[A] petitioner's filing to the BIA of a motion to reconsider a final deportation order does not render the order non-final." Jaggernauth, 432 F.3d at 1350.

Perez-Escalante's deportation order became final in July 2009, and the order denying his motion to reopen became final in January 2010. The filings of his motions to reconsider did not extend the 30 days that he had to seek appeal. See id. at 1351 (stating that it is "clear that the finality of [an] order of removal [is] not disturbed by [the petitioner's] filing of a motion for reconsideration") (emphasis omitted). Because Perez-Escalante did not file this appeal until October 2010, over a year after his first removal order became final and nine months after

3

his second removal order became final, we do not have jurisdiction to hear

arguments related to those orders.[1]

**DISMISSED IN PART, DENIED IN PART.**

---

[1]Although Perez-Escalante states in his brief that he is also appealing the BIA's denial of his motion to reconsider the denial of his motion to reopen, he makes no argument in his brief regarding the denial of his motion to reconsider. Instead, he focuses on why he believes the BIA erred in denying his motion to reopen. Accordingly, any argument regarding the BIA's denial of his motion to reconsider is abandoned. See Access Now, Inc. v. Southwest Airlines, 385 F.3d 1324, 1330 (11th Cir. 2004) ("If an argument is not fully briefed . . . we deem [it] abandoned and do not address its merits.").